IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MICHAEL E. KENNEDY | * | |
|  | * | |
| v. | * | Civil No. CCB-14-914 |
|  | * | |
| UNITED STATES OF AMERICA | * | |

\*\*\*\*\*\*

**MEMORANDUM**

Plaintiff Michael Kennedy brought this lawsuit against defendant United States of America for violations of the Federal Tort Claims Act ("FTCA"). Now pending before the court is the defendant's motion to dismiss for lack of subject matter jurisdiction. The issues in this case have been fully briefed, and no hearing is necessary. *See* Local R. 105.6. For the reasons stated below, the defendant's motion will be granted.

**BACKGROUND**

The current lawsuit follows the dismissal of Kennedy's earlier case against John McHugh, Secretary, Department of the Army, and Michelle V. Mitchell, Director of the West Region of the Army's Civilian Human Resources Agency. (*See Kennedy v. McHugh, et al.*, Civil No. CCB-13-390, ECF Nos. 23–24.) In the earlier case, Kennedy alleged violations of Title VII, the Administrative Procedures Act, and his right to procedural due process under the Fifth and Fourteenth Amendments arising out of the Army's withdrawal of an offer of employment.[1] He claimed in particular that the defendants discriminated against him by withdrawing their offer of employment based on his status as a convicted felon and that his job

---

[1] He had applied for the Water/Wastewater Systems Mechanic position at White Sands Missile Range ("White Sands") in New Mexico.

1

offer was withdrawn in retaliation for filing a November 2012 EEO complaint. Assuming that Kennedy exhausted his remedies,[2] the court determined that he failed to state a claim upon which relief could be granted and dismissed the case.[3]

Kennedy now claims that two Army employees failed to acknowledge, process, and investigate his November 2012 EEO complaint. Challenging their averments that there was no record in the Army's files of his EEO complaint, Kennedy also asserts that the two Army employees filed false affidavits in his earlier case.

## ANALYSIS

As a preliminary matter, the court notes that, when a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff has the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A defendant may challenge subject matter jurisdiction by arguing "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation and internal quotation marks omitted). In that situation, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* (citation and internal quotation marks omitted). "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

Turning to Kennedy's claims regarding how the Army employees handled his EEO complaint, the court notes that, even if the employees failed to acknowledge and process his complaint, the earlier mishandling is a moot issue. The court previously assumed that Kennedy exhausted his remedies and proceeded to consider his earlier case on the merits. *Cf. Jordan v.*

---

[2] The United States claimed that it had no record of any EEO complaint filed by Kennedy at White Sands.
[3] The Fourth Circuit affirmed the court's order granting the defendants' motion to dismiss Kennedy's complaint. *See Kennedy v. Dep't of the Army*, 554 Fed. App'x 248 (4th Cir. 2014).

*Summers*, 205 F.3d 337, 342 (7th Cir. 2000) ("And even if the EEO Division botched the processing of her complaint, [the plaintiff] is now already in a federal court on the merits, and any earlier mishandling is essentially moot.").

In any event, Kennedy's attempt to recast his previously dismissed employment claims as an FTCA action must fail. The Fourth Circuit has indicated that FTCA actions seeking redress from harm allegedly suffered because of discrimination in federal employment are preempted by Title VII. *See Pueschel v. United States*, 369 F.3d 345, 352–53 (4th Cir. 2004). Moreover, even assuming that Kennedy's claims are not covered by Title VII, the Civil Service Reform Act ("CSRA") provides the exclusive remedy for personnel claims arising out of federal employment. *See Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2130 (2012) ("The CSRA established a comprehensive system for reviewing personnel action taken against federal employees."); *see also Hall v. Clinton*, 235 F.3d 202, 206 (4th Cir. 2000) ("[W]e hold that Congress intended that the CSRA would operate to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship."); *Nguyen v. U.S. Dep't of Def.*, 39 F.3d 1178, at *1 (4th Cir. 1994) (unpublished opinion) (citations and internal quotation marks omitted) ("The Civil Service Reform Act (CSRA) provides the exclusive procedure for challenging federal personnel decisions. A plaintiff may not avoid the CSRA by cloaking his lawsuit in the guise of an FTCA action."). In sum, the court agrees with the defendant that Kennedy's complaint must be dismissed.

## CONCLUSION

For the reasons stated above, the court will grant the defendant's motion to dismiss for lack of subject matter jurisdiction.

A separate order follows.


July 23, 2014                                              /s/
Date                                        Catherine C. Blake
                                            United States District Judge